**FISHER v. WOOLERY et al.**

No. 11659—Opinion Filed Dec. 4, 1923.

**1. Appeal and Error—Necessity for Exceptions—Instructions.**

A judgment will not be reversed because of an erroneous instruction where it is not made to appear that the court's attention was called to such erroneous instruction by exceptions preserved in the record or by a proper instruction requested.

**2. Same—Harmless Error—Instructions.**

A judgment will not be reversed because of an erroneous instruction where from the evidence adduced upon the trial it appears that the jury could not have been misled by such erroneous instruction.

**3. Same—Record—Argument of Counsel.**

This court cannot say that language used by the attorney in his closing argument to the jury was improper or prejudicial to the rights of the opposing party where such language is not set out in the record.

(Syllabus by Ray, C.)

Commissioners' Opinion, Division No. 1.

Error from District Court, Woods County; Arthur G. Sutton, Judge.

Action by J. S. Fisher against Charley Woolery and C. T. Woolery. Judgment for defendants. and plaintiff appeals. Affirmed.

E. W. Snoddy, for plaintiff in error.

J. W. Barry and C. H. Mauntel, for defendants in error.

Opinion by RAY, C. This is an action of replevin by the mortgagee to recover possession of three horses. Plaintiff obtained possession under the writ of replevin and retained possession. Judgment was for the defendant in the sum of $325.

But two grounds are urged for the reversal of the judgment: (1) That the court erred in instructing the jury as follows:

"Should your verdict be for the defendants, and you further believe that at the time of the institution of this suit the horses mentioned were taken from the defendants by a writ of replevin, then your verdict should be for them in such sum as you find to be the reasonable market value of such horses at any time after they were taken."

(2) Misconduct of the attorney for defendants in his closing argument to the jury.

1. Plaintiff, in his petition, alleged the three horses to be of the value of $75 each. The defendants, in their cross-petition, alleged the three horses to be of the value of $250, and asked $75 damages for the wrongful taking and retention of the horses. One of the defendants, in response to questions as to the value of the horses at the time they were taken, under the writ of replevin, said that two of the horses were of the value of $75 each and one was of the value of $100, making the total value of the three horses $250. Other witnesses for the defendants were asked the value of the horses without any time being fixed. The defendants' valuations were from $75 to $100 each. No evidence was adduced by the defendants tending to show that the horses were of any greater value at any time after the taking than they were at the time they were taken under the writ of replevin.

Plaintiff in error offered no evidence as to the value. The verdict was for $325, and from a careful reading of the testimony of the witnesses upon that subject we think that verdict was intended to represent the value of the horses at the time they were taken under the writ of replevin, and $75 damages for the wrongful taking and retention. Also, the record fails to disclose that any exception was saved to the instruction complained of or that a proper instruction was requested. In these circum-

stances it does not appear that the plaintiff was deprived of any substantial right and the judgment should not be reversed because of such erroneous instruction.

2. Neither plaintiff in error's brief or the record contains the language complained of as used by the defendants' attorney in his closing argument. In order for us to determine whether the language used was prejudicial to the rights of the plaintiff, it would be necessary for it to be set out in the record.

The judgment should be affirmed.

By the Court: It is so ordered.