[No. 3037. Feb. 7, 1928. Rehearing Denied
Mar. 15, 1928.]

DAVIS & CARRUTH v. VALLEY MERCANTILE &
BANKING CO. et al.

[265 Pac. 35]

296

E. D. Tittmann and Waters Davis, both of El Paso, Tex., for appellants.

Holt & Sutherland, of Las Cruces, for appellees.

## OPINION OF THE COURT

BICKLEY, J. This suit was brought by plaintiffs (appellants) against Frank Boyer, the Valley Mercantile & Banking Company (hereinafter called company), and Ruth Livesay, to recover damages for breach of contract.

Plaintiffs alleged, among other things, that Boyer was indebted to said company, and in order to protect it against loss through possible decline of the market, defendant Livesay, as its agent, procured plaintiffs to enter into a contract to buy 20 bales of Boyer's cotton, which 20 bales of cotton plaintiffs themselves sold and bound themselves to deliver to the Southern Products Company; that the market value of cotton advanced, and said cotton

was not delivered to plaintiffs, but that defendant company and Livesay caused same to be sold and delivered to others, and the proceeds of sale therefrom to be applied upon Boyer's debt to said company, so that plaintiff's had to deliver to said Southern Products Company 20 bales of cotton in lieu of the Boyer cotton of the market value of $3,725, to their damage in the sum of $1,725.

Plaintiffs further allege that, upon procuring them to enter into said contract, defendant Livesay promised them that said company would guarantee the performance thereof by said Boyer, but that she thereafter represented to plaintiffs that said company could not in its corporate name guarantee said contract, but that she would sign the written guarantee, and that she did sign same in her individual capacity, so that she individually and the said company were both bound thereby. Upon the trial of the case, after the plaintiffs had introduced their testimony and rested, a motion was presented for judgment in favor of the defendant Ruth Livesay. The court's ruling was as follows:

"I will grant the motion for judgment for her on the ground that the evidence does not show that she signed the contract in her individual capacity, but as agent for the bank."

The defendant company also made a motion for judgment in favor of it, which was overruled by the court. The plaintiffs also requested the court to instruct the jury to find for them, which motion was overruled. The court then instructed the jury as to what had transpired as a result of said motion as follows:

"Gentlemen of the jury, this case as originally brought and tried up to this time was an action by the plaintiff with two separate counts, one seeking to recover against Miss Livesay and the other one seeking to recover against the Valley Mercantile & Banking Company; and, as to the case against Miss Livesay, that case has been taken care of by the court, and, so far as you are now concerned, the case will go on as against the Valley Mercantile & Banking Company."

Thereupon the defendant company, to maintain the issues on its part, offered its evidence.

At the close of defendant's testimony, the plaintiffs moved the court to withdraw its action theretofore taken

with respect to the dismissal of the cause as to the defendant Ruth Livesay and to reinstate her as a defendant, upon the grounds, among others, that, under the testimony offered by defendants subsequent to the dismissal by the court of plaintiffs' action as to said Ruth Livesay, facts and circumstances had been shown from which it was further made to appear that said defendant Ruth Livesay was liable for damages claimed by plaintiffs under her alleged individual guarantee, and that the determination of the conclusions to be drawn from the facts and the inference following same point to the liability of the said defendant Ruth Livesay, and were issues that should be determined by the jury. This motion of the plaintiffs was overruled. The court then directed a verdict against the defendant Boyer, he having defaulted and failed to defend.

The jury, then having only the issue of liability of the company submitted to them, found in favor of said defendant company, upon which verdict, judgment being entered, plaintiffs appealed.

 The following are facts which seem to be undisputed, or are inferable from the evidence: Defendant Livesay was secretary and cashier of defendant company. Boyer was indebted to defendant company. That through said Livesay, one or both of said defendants, Livesay or company, caused plaintiffs and Boyer to enter into a contract by which Boyer bound himself to deliver to them, at 20 cents a pound, 20 bales of cotton, to be clear of all liens and incumbrances, and to be from his first cotton ginned, the $2,000 coming to Boyer from said cotton to be deposited with the company, in satisfaction of Boyer's debt. That defendant Livesay further agreed with plaintiffs that she would personally get said cotton and deliver it to them. The market price of cotton increased. None of the cotton was delivered to plaintiffs. The defendant Livesay and the defendant company, by court proceedings and otherwise, caused the Boyer cotton to be sold and delivered to others, and the proceeds thereof to be applied on Boyer's debt to said company. That plaintiffs, who had bound themselves to do so, delivered to

Southern Products Company 20 bales in lieu of the Boyer cotton, of the market value of $3,725.

The important conflict was upon the question as to the effect of the signature of the defendant Livesay to the written guarantee, taken in connection with the other evidence. The said Livesay testified that she signed said written guarantee as plaintiff's partner and agent, at their request, and for their benefit, without intending to either bind herself or the company by her signature. From a portion of her testimony, other inferences might be drawn. On the other hand, the plaintiffs' testimony tended to show that the defendant Livesay sought by the transaction to benefit the company, and, for that reason, guaranteed the contract; she claiming, however, that she signed it in her individual capacity, for the reason given that the company could not sign it. A portion of the testimony of the defendant Livesay bears out the contention of the plaintiffs that she individually guaranteed the performance of the contract on the part of Boyer, she entering into the said guarantee because plaintiffs demanded it; and other portions of her testimony point to the liability of the defendant company.

By its first point, appellants claim that the court erred in entering judgment in favor of the defendant company, for the reason that the verdict was against the evidence, and because the court erred in refusing to instruct the jury to find for the plaintiffs, and because the court erred in refusing to set aside the verdict finding for the defendant company, and because the court erred in permitting defendants' counsel to make an argument that, because the signature of the company did not appear on the contract, the company should not be bound, although the court had instructed the jury to the contrary.

We have heretofore decided that the verdict of a jury and the judgment rendered thereon will not be disturbed on appeal, where there is any substantial evidence to support it (Roth v. Yara, 22 N. M. 361, 161 P. 1183); and that a verdict will not be disturbed, where it cannot be said that there is no substantial evidence to support it.

(Corcoran v. Albuquerque Traction Co., 15 N. M. 9, 103 P. 645).

Examining the record in the light of these and similar decisions, we find no error in the judgment for the defendant company, or the actions of the trial court, pertaining thereto, in so far as they are considered from the standpoint of the alleged insufficiency of the evidence to support the verdict.

■ As to the claim that the court erred in permitting defendant company's counsel to argue contrary to the court's instructions, we are unable to reach a decision, because of the lack of a sufficient record. All the record contains on this subject is the following:

"And thereafter, during the argument to the jury by defendants' counsel, W. A. Sutherland, the following occurred:

"Mr. Davis: We except to the argument of counsel that, because the signature of the bank does not appear on the contract, it is not binding; the court's instruction having covered that issue, counsel should not be permitted to argue contrary to the law as given in the charge of the court.

"The Court: Proceed.

"Mr. Davis: Exception."

It has frequently been decided that, where alleged improper remarks of counsel are not embraced in the bill of exceptions, they cannot be considered on appeal. See cases collected in Second Decennial Digest, Appeal and Error, Key 688(2). A few illustrations of these decisions follow:

(Ill. 1910) Where a party desires to raise for review the propriety of remarks of counsel in argument to the jury, the court must certify by bill of exceptions what the remarks were, and not incorporate in lieu thereof in the bill of exceptions an affidavit of opposing counsel as to what they were. Chicago, B. & Q. R. Co. v. F. Reisch & Bros., 247 Ill. 350, 93 N. E. 383.

(Okla.) Error predicated on remarks of counsel in argument to jury cannot be considered on appeal, where

language complained of is not set out in record. Fisher v. Woolery, 94 Okl. 110, 221 P. 45.

(Mo.) Alleged improper remarks of counsel will not be reviewed on appeal, where such remarks were not preserved in the record. Lund v. McClinton, 205 S. W. 240.

(Ia. 1915) Remarks of plaintiff's counsel, alleged to work on the sympathy of the jury could not be assigned as error where it was not shown that they had been taken down by the reporter and made a part of the record. Grafton v. Delano, 175 Iowa, 483, 154 N. W. 1009. The court said:

"The argument objected to does not appear to have been taken down by the reporter when delivered, and there appears to have been no attempt to make it part of the record. That end is not to be attained by the mere declaration of opposing counsel in the course of stating an objection to the court."

This principle is strongly supported by analogy by our own court in Territory v. Torres, 16 N. M. 615, 121 P. 27; Corcoran v. Traction Co., 15 N. M. 9, 103 P. 645; State v. Parks, 25 N. M. 395, 183 P. 433; State v. Hawkins, 25 N. M. 514, 184 P. 977; State v. Vaisa, 28 N. M. 414, 213 P. 1038.

It may have been that what defendants' counsel said was not susceptible of the construction opposing counsel put upon it. The court's ruling, by directing Mr. Sutherland to proceed, may as well mean that Mr. Sutherland was not arguing, as Mr. Davis claimed, as that he had a right to so argue. In Jaffe v. Deckard (Tex. Civ. App.) 261 S. W. 390, it was said that a bill of exceptions complaining of statement of counsel in argument to jury, which, under some circumstances, might have been legitimate argument, without disclosing the circumstances surrounding the statement, was too indefinite. In Aetitis v. Spring Valley Coal Co., 150 Ill. App. 497, it was decided that a complaint of the remarks of counsel to be properly urged should show, not disconnected sentences objected to, but the entire context should be preserved, in order that a fair consideration of the propriety of such remarks may be made. So in the case at bar we find the record insufficient to invoke a ruling.

The appellant's second point argued is presented by its assignments of error Nos. 4 and 5, which are as follows:

"(4) The court erred in granting defendant Ruth Livesay's motion (Record, p. 237) for judgment of dismissal as to her, assigning as ground therefor that the evidence did not show that she signed the contract in her individual capacity, but as agent for the bank, to which ruling plaintiffs duly excepted.

"(5) The court erred in overruling plaintiff's motion on pages 285 and 286 of the Record that the defendant Ruth Livesay be reinstated in the cause."

Plaintiff, having proceeded upon the theory that the defendant Ruth Livesay by her signature to the contract bound either the defendant company or herself, or both, as guarantor, had a right to have all the issue raised by them presented to the jury, unless the evidence offered was insufficient to establish the issue as a jury question.

With respect to orders of dismissal, nonsuit, demurrer to evidence, or direction of verdicts, the rule is well settled that the review of appeals from such orders after evidence submitted requires the appellate court to assume that all of the evidence before the court which tends to establish the plaintiffs' case is true with all reasonable inferences to be drawn therefrom, and to view such evidence in the aspect most favorable to the plaintiff. See 2 Standard Encyclopedia of Procedure (Appeals) p. 423, and Second Decennial Digest Appeal and Error, Key 927.

It is not necessary for us to further advert to the evidence. It is sufficient to say that we have carefully considered the record, and that the evidence presented, viewed in the light of the rule stated, and considering the situation of the parties under the issues made, convinces us that the court erred in dismissing the defendant Ruth Livesay from the case and refusing to sustain plaintiffs' motion to set aside such judgment of dismissal and reinstate the cause as to her at the close of defendants' testimony.

From all of the foregoing, it is our conclusion that the judgment of the trial court as to the defendant Valley Mercantile & Banking Company should be affirmed; and the judgment as to the defendant Ruth Livesay should be

reversed, and the cause remanded, with directions that said cause be reinstated as to said defendant Ruth Livesay and that a new trial be had, and it is so ordered.

PARKER, C. J., and WATSON, J., concur.