563 P.2d 1160

**Julio P. MARCHIONDO and Charles Petritsis, d/b/a Copper Penny Lounge, Petitioners,**

**v.**

**James T. ROPER, Administrator of the Estate of Geraldine Joyce Roper, Deceased, Respondent.**

**No. 11291.**

Supreme Court of New Mexico.

May 10, 1977.

Shaffer, Butt, Jones, Thornton & Dines, K. Gill Shaffer, Stephen M. Williams, Albuquerque, for petitioners.

Kastler, Erwin & Davidson, Paul A. Kastler, Raton, for respondent.

## OPINION

SOSA, Justice.

Plaintiff James Roper, as administrator of the estate of his deceased wife Geraldine Roper, sought to recover damages from defendants for the negligent sale of intoxicating liquor to Jennie Sandoval, who in an inebriated condition left their tavern in her automobile and later struck and killed Mrs. Roper. The trial court granted defendants' motion to dismiss for failure to state a cause of action. The Court of Appeals reversed. We granted certiorari.

On October 12, 1973, Geraldine Roper was struck and killed in Raton, New Mexico, by an automobile driven by Jennie Sandoval. Jennie Sandoval had arrived at the Copper Penny Lounge at approximately 12:00 o'clock noon and drank until approximately 4:30 that afternoon, whereupon she left in an extremely intoxicated condition. On the way back to her home, Jennie Sandoval struck Mrs. Roper who was walking along South Second Street. A blood examination taken of Jennie Sandoval about one and a half hours after the accident indicated that she had 0.35% of alcohol by weight in her blood. Plaintiff alleged in the complaint that the defendants knew that Jennie Sandoval was a habitual drunkard and that she was extremely intoxicated at the time she left the Copper Penny Lounge.

The decision of the Court of Appeals overrules our previous decision, *Hall v. Budagher*, 76 N.M. 591, 417 P.2d 71 (1966), and thereby establishes a cause of action in New Mexico for third parties damaged by the negligent sale of intoxicating liquor by tavernkeepers to inebriated customers (i. e. dram shop legislation). In *Hall v. Budagher*, we stated:

> Whether legislation in the nature of the so-called dram-shop or civil damage statutes should be included as a part of our liquor control acts is within the province of the legislature and we should not through judicial action establish the equivalent of such legislation.

76 N.M. at 595, 417 P.2d at 74.

The fact is that the Legislature then and now has not yet addressed itself to the existence of liability of the tavernkeeper to third parties, either affirmatively or negatively. Section 46–10–13, N.M.S.A.1953.[1] An examination of the common law today, however, indicates that civil liability is imposed judicially under negligence concepts in many states,[2] although almost as many

---

1. SALE TO DRUNKARDS AND LUNATICS.—It shall be a violation of this act for any person to sell, serve, give or deliver any alcoholic liquors to, or to procure or aid in the procuration of any alcoholic liquors for any habitual drunkard or person of unsound mind knowing that the person buying, receiving, or receiving ser-

vice of such alcoholic liquors is an habitual drunkard or lunatic.

2. *Waynick v. Chicago's Last Department Store*, 269 F.2d 322 (7th Cir. 1959), cert. denied, 362 U.S. 903, 80 S.Ct. 611, 4 L.Ed.2d 554 (1960); *Vance v. United States*, 355 F.Supp. 756 (D.C.

jurisdictions have refused to impose civil liability through the common law.[3] Being certain that our Legislature must be aware of the many problems of alcohol abuse and will deal with the problem presented here, we are hesitant to act at this time and hope that it will address this serious issue in the near future, either for or against extending tavernkeepers' liability to third parties. We do not, however, feel that it would be improper for this Court to address this issue in the future if the Legislature chooses not to act.

The trial court is affirmed.

McMANUS, C. J., and EASLEY and PAYNE, JJ., concur.

FEDERICI, J., not participating.

Alaska 1973); *Vesely v. Sager*, 5 Cal.3d 153, 95 Cal.Rptr. 623, 486 P.2d 151 (1971); *Davis v. Shiappacossee*, 155 So.2d 365 (Fla.1963); *Colligan v. Cousar*, 38 Ill.App.2d 392, 187 N.E.2d 292 (1963); *Elder v. Fisher*, 247 Ind. 598, 217 N.E.2d 847 (1966); *Pike v. George*, 434 S.W.2d 626 (Ky.1968); *Pence v. Ketchum*, 326 So.2d 831 (La.1976); *Adamian v. Three Suns, Inc.,* 353 Mass. 498, 233 N.E.2d 18 (1968); *Ramsey v. Anctil*, 106 N.H. 375, 211 A.2d 900 (1965); *Rappaport v. Nichols*, 31 N.J. 188, 156 A.2d 1, 75 A.L.R.2d 821 (1959); *Jardine v. Upper Darby Lodge No. 1973, Inc.,* 413 Pa. 626, 198 A.2d 550 (1964); cf. *Mason v. Roberts*, 35 Ohio App.2d 29, 300 N.E.2d 211 (1971) [imposed civil liability even if no blacklisting under the dram shop act occurred in certain instances]. See generally 64 A.L.R.3d 922 (1975); 64 A.L.R.3d 882 (1975); 64 A.L.R.3d 849 (1975); 75 A.L.R.2d 833 (1961); 70 A.L.R.2d 628 (1960); 54 A.L.R.2d 1152 (1957); Keenan, "Liquor Law Liability in California," 14 Santa Clara Lawyer 46 (1973).

**3.** *Thompson v. Bryson*, 19 Ariz.App. 134, 505 P.2d 572 (1973) [no proximate cause as a matter of law in this case, no negligence per se]; *Carr v. Turner*, 238 Ark. 889, 385 S.W.2d 656 (1965) [legislative function, no common law or statutory cause of action]; *Hull v. Rund*, 150 Colo. 425, 374 P.2d 351 (1962) [no cause of action]; *Moore v. Bunk*, 154 Conn. 644, 228 A.2d 510 (1967) [no proximate cause]; *Meade v. Freeman*, 93 Idaho 389, 462 P.2d 54 (1969) [no proximate cause, legislative function]; *State v. Hatfield*, 197 Md. 249, 78 A.2d 754 (1951) [no cause of action, no proximate cause, legislative function]; *Holmes v. Circo*, 196 Neb. 496, 244 N.W.2d 65 (1976) [no cause of action, legislative function, no common law negligence, no negligence per se]; *Hamm v. Carson City Nugget, Inc.,* 85 Nev. 99, 450 P.2d 358 (1969) [legislative function, judicial restraint, not negligence per se]; *Hall v. Budagher*, 76 N.M. 591, 417 P.2d 71 (1966) [no proximate cause, legislative function]; *Garcia v. Hargrove*, 46 Wis.2d 724, 176 N.W.2d 566 (1970) [refused to extend to purchasers on public policy grounds Wisconsin's dram shop act not applicable to case)]; *Parsons v. Jow*, 480 P.2d 396 (Wyo.1971) [no proximate cause, a legislative function, no cause of action either by statute or at common law].