665 P.2d 1149

Daniel PORTER, Sr., individually and as personal representative of the estate of Elizabeth Porter, a deceased minor; and Ceferino Flores, individually and as father and next friend of Anna Marie Flores and Frances Flores, minors, Plaintiffs-Appellants,

v.

Juan R. ORTIZ, individually and d/b/a El Alto Bar, Defendant-Appellee.

No. 5725.

Court of Appeals of New Mexico.

Feb. 15, 1983.

Certiorari Quashed June 24, 1983.

Jones, Gallegos, Snead & Wertheim, P.A. by Peter V. Culbert, Santa Fe, for plaintiffs-appellants.

Gerber, Ives & Gramer by Paul D. Gerber and Janice M. Ahern, Santa Fe, for defendant-appellee.

## OPINION

NEAL, Judge.

Is a tavern keeper liable when he knowingly sells alcohol to minors and, as a result of the sale, the minors are killed or injured?

Elizabeth Porter, 16, was killed when her car overturned. Anna Marie Flores and Frances Flores, minor passengers in the car, were injured. Another minor passenger, Julie Roybal, was not injured. Elizabeth Porter is represented by her father, Daniel Porter, Sr., and the Flores sisters are represented by their father, Ceferino Flores.

The plaintiffs filed their complaint against Ortiz on April 3, 1981. They alleged that Ortiz, owner of the El Alto Bar in Pecos, New Mexico, willfully or negligently provided alcohol to the girls, knowing that they were minors. The defendant moved to dismiss the complaint for failure

to state a claim, or in the alternative for summary judgment. After hearing, the trial court ruled that there were genuine issues of material fact, but that as a matter of law plaintiffs did not state a claim against Ortiz. The plaintiffs appeal the dismissal of their complaint.

We reverse.

Since the trial court's ruling our Supreme Court, in *Lopez v. Maez,* 98 N.M. 625, 651 P.2d 1269 (1982) and *MRC Properties, Inc. v. Gries,* 98 N.M. 710, 652 P.2d 732 (1982), has held that tavern keepers may be liable under certain circumstances. *Lopez* and *MRC* overruled *Marchiondo v. Roper,* 90 N.M. 367, 563 P.2d 1160 (1977); *Hall v. Budagher,* 76 N.M. 591, 417 P.2d 71 (1966).

We reiterate generally what was said in *Lopez* and *MRC.* Those cases provide for tavern keeper liability when the plaintiff can show that the tavern keeper owes him a duty of care, and that the breach of that duty is the proximate cause of his injury. *Lopez* recognized that a duty may be established by statute.

■ We must view the evidence in the light most favorable to the plaintiffs, and assume that all of their well-pleaded allegations are true. *Davis & Carruth v. Valley Mercantile, etc., Co.,* 33 N.M. 295, 265 P. 35 (1928); *Hall, supra.* We must assume that Ortiz knowingly sold alcohol not only to Elizabeth Porter, but to all of the minor girls, all of whom he knew were minors and could see out of the front windows of the bar.

■ Both § 60–7B–1 and § 60–7B–1.1, N.M.S.A.1978 (1981 Repl.Pamph.) make it a violation of the Liquor Control Act to "sell" or "deliver" alcohol to a minor, or to "aid or assist" a minor in procuring alcohol. In *MRC,* the predecessor statute to § 60–7B–1(A), *supra,* which was substantially the same as the new statute, created a duty to a third party who was injured by a minor who had been served alcohol contrary to the Liquor Control Act. Here, the minors, and not a third party, were injured. This supports our conclusion that Ortiz owed a duty of care to the minor girls.

Consistent with *Lopez* and *MRC* we conclude that, under the facts in the plaintiffs' complaint, Ortiz may be liable for the death of Elizabeth Porter and the injuries to the Flores sisters.

The breach of that duty must be shown to be the proximate cause of the accident. The plaintiffs alleged this in their complaint, and for purposes of this appeal, we assume that the breach of duty was the proximate cause of the accident.

■ We have no difficulty concluding that under *Lopez* and *MRC,* the complaint states a claim against Ortiz. A more difficult issue, and the critical issue, is whether these cases apply to the present case. We hold that they do. In *MRC* the Supreme Court stated: "The present case and *Lopez v. Maez* were on appeal in our Court at the same time; therefore, we will allow the application of the common law negligence principle set forth in *Lopez v. Maez* to apply to the present case."

The present case was pending on appeal at the same time as *Lopez* and *MRC* and, therefore, we hold that those cases apply to this case. The fact that this case was pending in the Court of Appeals, and not the Supreme Court, does not alter our conclusion. The balancing of different policies used in *Lopez* and in *MRC* is no different when the case is pending in the Court of Appeals.

The case is remanded to the district court for trial.

IT IS SO ORDERED.

HENDLEY, J., concurs.

BIVINS, J. (concurring in part, dissenting in part).

BIVINS, Judge (concurring in part, dissenting in part).

I concur with that part of the majority opinion holding that under *Lopez v. Maez,* 98 N.M. 625, 651 P.2d 1269 (1982) and *MRC Properties, Inc. v. Gries,* 98 N.M. 710, 652 P.2d 732 (1982) the complaint states a claim against Ortiz.

**60**

I disagree with the conclusion reached by the majority allowing the common law principle announced in *Lopez* and *MRC* to apply to the present case.

*Lopez* made a major change in the law. It imposed a new liability on tavernowners and in doing so expressly overruled *Marchiondo v. Roper,* 90 N.M. 367, 563 P.2d 1160 (1977) and *Hall v. Budagher,* 76 N.M. 591, 417 P.2d 71 (1966). In discussing the application of this new liability the Supreme Court in *Lopez* said:

> If the new law imposes significant new duties and conditions and takes away previously existing rights, then the law should be applied prospectively. (citation omitted). For example, the imposition of this new liability on tavernowners may subject the tavernowners to liability when they are not properly insured. (citations omitted).

98 N.M. at 632, 651 P.2d at 1276.

The Supreme Court applied the new law to *Lopez,* because it afforded the opportunity to change an outmoded and unjust rule of law, and to prospective cases in which the damages and injuries arise after the date of the mandate in that case. The new liability was also applied to *MRC,* but only because that case was pending on appeal before the Supreme Court at the same time as *Lopez.* The present case was not pending before the Supreme Court when *Lopez* was decided; it was pending before the Court of Appeals. The Supreme Court expressed no intent to include other cases which were then on appeal.

Justice Riordan said in *Lopez* "It is within the inherent power of the state's highest court to give a decision prospective or retrospective application without offending constitutional principles" *Id.* at 632, 651 P.2d at 1276. (citation omitted). In deciding on the application the Supreme Court in *Lopez* was sensitive to the effect the new liability would have on those who had relied on *Marchiondo v. Roper* and *Hall v. Budagher.* See special concurring opinion of Chief Justice Oman in *Hicks v. State,* 88 N.M. 588, 544 P.2d 1153 (1976). This Court should not modify that application.

I would proceed to consider plaintiffs' alternative theories of liability. The majority holding otherwise, I respectfully dissent.