This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

### IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**DON C. TOLAND,**

     Plaintiff-Appellant,

v.                                **No. A-1-CA-36079**

**WELLS FARGO BANK, N.A.,**

     Defendant-Appellee.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Nan G. Nash, District Judge**

Don C. Toland
Albuquerque, NM

Pro Se Appellant

Snell and Wilmer L.L.P.
Sandra A. Brown
Albuquerque, NM

for Appellee

### MEMORANDUM OPINION

**VARGAS, Judge.**

**{1}** Don C. Toland (Plaintiff) appeals, pro se, from the district court's order dismissing with prejudice his complaint alleging Wells Fargo (Defendant) wrongfully refused to provide him with payoff information for its loan to Robert Carmignani (Borrower). Plaintiff argues that the district court erred in dismissing his complaint because Defendant had a duty to provide him with a payoff figure for Borrower's loan. We affirm.

### BACKGROUND

**{2}** Borrower executed a promissory note payable to North American Mortgage Company, secured by a mortgage on Borrower's home (property). After Borrower

defaulted on his loan, he died, and the loan was assigned to Defendant. Defendant filed a complaint for foreclosure, naming the unknown heirs, devisees, or legatees of Borrower as defendants. Plaintiff was not named as a party to the foreclosure action. The district court entered default judgment in Defendant's favor in the foreclosure action.

{3}     Plaintiff then commenced the instant action against Defendant, asserting claims for breach of contract, unjust enrichment, enforcement of Rule 1-068 NMRA, violation of the UPA, and prima facie tort. In his complaint, Plaintiff alleged that after Defendant filed its foreclosure action, Borrower's granddaughters (the heirs) transferred their redemption rights to the property to Plaintiff, and provided him with quitclaim deeds as well as a limited power of attorney authorizing him to speak with Defendant. Plaintiff's complaint fails to allege what interest, if any, the heirs had in the property or what authority, if any, they had to act on behalf of the estate of Borrower. Plaintiff claimed he repeatedly contacted Defendant to convey his desire to "pay off the mortgage and take possession," but Defendant did not respond. The district court dismissed Plaintiff's complaint with prejudice pursuant to Rule 1-012(B)(6) NMRA. Plaintiff filed a motion to reconsider, which the district court denied. This appeal followed.

## DISCUSSION

### Standard of Review

{4}     "A district court's decision to dismiss a case under Rule 1-012(B)(6) is reviewed de novo." *Mendoza v. Tamaya Enters., Inc.*, 2010-NMCA-074, ¶ 5, 148 N.M. 534, 238 P.3d 903. "A motion to dismiss for failure to state a claim tests the legal sufficiency of the complaint, not the factual allegations of the pleadings which, for purposes of ruling on the motion, the court must accept as true." *Id.* (internal quotation marks and citation omitted). "Dismissal on Rule 1-012(B)(6) grounds is appropriate only if the plaintiff[ is] not entitled to recover under any theory of the facts alleged in [his] complaint." *Mendoza*, 2010-NMCA-074, ¶ 5 (alterations, internal quotation marks, and citation omitted). "We review the evidence in the light most favorable to the party resisting the motion." *Id.* Further, "[w]e review the denial of a motion for reconsideration for abuse of discretion." *Unified Contractor, Inc. v. Albuquerque Hous. Auth.*, 2017-NMCA-060, ¶ 77, 400 P.3d 290.

### Defendant's Duty to Provide a Payoff Figure

{5}     All of Plaintiff's claims are based on his assertion that Defendant had a legal duty to respond to his request for a payoff figure. He contends that the district court improperly dismissed his complaint because Defendant failed to satisfy that duty. The basis of Plaintiff's argument appears to be: (1) Plaintiff was authorized to request and receive payoff information by the heirs; and (2) Defendant had a statutory or other duty to provide payoff figures.

### Authority to Request and Receive Payoff Figures

**{6}**     Plaintiff contends that he had authority to request and receive payoff figures because he "stood in the shoes of the heirs." Plaintiff's complaint, however, fails to explain what interest the heirs had in the property that would allow them to authorize him to request and receive payoff information for Borrower's loan. He does not allege that the property had been transferred to the heirs by Borrower's estate thereby entitling the heirs to deed the property to him. Nor does he allege that one or both of the heirs were the personal representative of Borrower's estate, giving them authority to obtain information related to the property that they could then grant to Plaintiff. *See* NMSA 1978, § 45-3-711(A) (2017) (providing that a personal representative has the same power over the title to property of the estate that an absolute owner would have); NMSA 1978, § 45-3-103 (1975) (providing that a person must be appointed by order of the district court or probate court, qualify and be issued letters to acquire the powers and undertake the duties and liabilities of a personal representative of a decedent). Plaintiff has failed to provide us with authority that supports his contention that because he "stood in the shoes" of the heirs, he was entitled to pay off figures. "Although pro se pleadings are viewed with tolerance, a pro se litigant, having chosen to represent himself, is held to the same standard of conduct and compliance with court rules, procedures, and orders as are members of the bar." *Woodhull v. Meinel*, 2009-NMCA-015, ¶ 30, 145 N.M. 533, 202 P.3d 126 (internal quotation marks and citation omitted). "Pro se litigants must comply with the rules and orders of the court and will not be treated differently than litigants with counsel." *Id.* Thus, as Rule 12-318(A)(4) NMRA requires Plaintiff to provide arguments in his brief in chief "with citations to authorities," we do not consider this argument. *See In re Adoption of Doe*, 1984-NMSC-024, ¶ 2, 100 N.M. 764, 676 P.2d 1329 ("We assume where arguments in briefs are unsupported by cited authority, counsel after diligent search, was unable to find any supporting authority. We therefore will not do this research for counsel. Issues raised in appellate briefs which are unsupported by cited authority will not be reviewed by us on appeal." (citation omitted)).

**{7}**     Plaintiff also alleges his apparent authority as an authorized agent of the heirs placed the burden upon Defendant to verify his authority, if necessary, and to respond to his inquiry. Here, again, Plaintiff has provided no authority to support this argument, and we therefore decline to review it. *See id.*

**Statutory or Other Duty to Provide a Payoff Figure**

**{8}**     Plaintiff also argues that regardless of his authority to request payoff figures received from the heirs, Defendant had a duty to provide him with a payoff figure. Whether Defendant owed this duty is a question of law, which we review de novo. *See Azar v. Prudential Ins. Co. of Am.*, 2003-NMCA-062, ¶ 42, 133 N.M. 669, 68 P.3d 909. Plaintiff first contends Defendant had a statutory duty to provide this information to Plaintiff. However, he cites no statutory authority on point, referring only to NMSA 1978, Section 39-5-1 (1895),[1] and analogizing that Defendant "had a statutory duty to provide

---

1 Section 39-5-1 provides "[t]hat no lands, tenements, goods or chattels shall be sold by virtue of any execution or other process, including chattel or real estate mortgages, . . . unless the time and place of holding such sale and full description of property to be sold shall have previously been published for four weeks preceding said sale[.]"

[this information] in the newspaper as part of the foreclosure process" and therefore should have provided payoff figures to him. Because Section 39-5-1 does nothing more than set out the publication requirements for a notice of foreclosure sale and does not speak to a bank's duty to provide an individual who is not a borrower on a loan with a payoff figure, we do not agree. Plaintiff points us to no other statutory authority to support such a duty, we are not persuaded that any such authority exists. *See In re Adoption of Doe*, 1984-NMSC-024, ¶ 2.

**{9}** In further support of his argument that Defendant had a duty to provide him with payoff figures, Plaintiff, without any explanation of its applicability, quotes *Huntington National Bank v. Sproul*, 1993-NMSC-051, ¶ 26, 116 N.M. 254, 861 P.2d 935, for the proposition that "[a] stranger to a transaction ' . . . was nonetheless granted an expectation under New Mexico law . . . ' that he had rights in the transaction." However, *Sproul* involved a husband's default on a note he signed with a bank, and the bank's subsequent suit against both the husband and wife to foreclose its judgment lien, obtained in Ohio and domesticated in New Mexico, on their New Mexico house. *Id.* ¶¶ 2-5. Our Supreme Court held that "[a]lthough [the wife] did not join in the execution of the note, the [b]ank, a stranger to the [husband and wife's] marital community, was nonetheless granted an expectation under New Mexico law that the community property of [the husband and wife] would be subject to satisfy the community debt in the event of default." *Id.* ¶ 26. *Sproul* has no bearing on whether a stranger to a loan is entitled to receive a payoff figure from the lending bank. Plaintiff's reliance on *Sproul* is therefore misplaced. *See Fernandez v. Farmers Ins. Co. of Ariz.*, 1993-NMSC-035, ¶ 15, 115 N.M. 622, 857 P.2d 22 ("The general rule is that cases are not authority for propositions not considered." (internal quotation marks and citation omitted)).

**{10}** Plaintiff also contends that Defendant should have provided him with payoff figures because the requested information was not confidential and should therefore have been provided upon request. We first note that Plaintiff provides no authority to support his contention. Nonetheless, responding to Defendant's answer brief, wherein Defendant cites *R.A. Peck, Inc. v. Liberty Federal Savings Bank*, 1988-NMCA-111, 108 N.M. 84, 766 P.2d 928, Plaintiff argues in his reply brief that *Peck* supports his argument. In *R.A. Peck Inc.*, this Court noted "that a bank generally has a duty to its customers *not to disclose* the customers' financial conditions to third parties[,]" and adopted a two-part analysis to determine whether a duty to disclose exists. *Id.* ¶¶ 17-20, 23 (emphasis added). First, we must determine whether the relationship between the parties falls within three distinct classes:

> 1.     Where there is a previous definite fiduciary relation between the parties.

> 2.     Where it appears one or each of the parties to the contract expressly reposes a trust and confidence in the other.

> 3.     Where the contract or transaction is intrinsically fiduciary and calls for perfect good faith.

*Id.* ¶ 17 (internal quotation marks and citation omitted). Once we determine that the parties' relationship falls under one or more of these classes, we consider whether "certain *special circumstances* that may give rise to this specific duty of disclosure" exist:

> (a)　One who speaks must say enough to prevent his words from misleading the other party.
>
> (b)　One who has special knowledge of material facts to which the other party does not have access may have a duty to disclose these facts to the other party.
>
> (c)　One who stands in a confidential or fiduciary relation to the other party to a transaction must disclose material facts.
>
> . . .
>
> [(d)　A] bank may have a duty to disclose financial information concerning a depositor if a bank had actual knowledge that its customer is committing fraud.

*Id.* ¶ 20 (internal quotation marks and citation omitted).

**{11}**　We therefore first discuss whether the relationship between Plaintiff and Defendant fell within the three distinct classes. Plaintiff concedes he had no relationship with Defendant under the first distinct class. With regard to the second distinct class, Plaintiff argues Defendant is unable to explain why the limited power of attorney received from the heirs does not demonstrate the repose of "trust and confidence." Also, in his discussion of the third distinct class, Plaintiff argues his "offer to pay off the entire loan obligation of the . . . heirs" established good faith and that his banker was a fiduciary. However, it is Plaintiff's burden to explain how the limited power of attorney provided by the heirs established a relationship under the second distinct class, and Plaintiff fails to make any such argument or provide us with any authority supporting his bare allegation. Nor does he provide any authority to support his argument regarding the third distinct class and how his offer to pay off Borrower's loan is intrinsically fiduciary. We therefore decline to review these arguments further, *see In re Adoption of Doe*, 1984-NMSC-024, ¶ 2; *see also Headley v. Morgan Mgmt. Corp.*, 2005-NMCA-045, ¶ 15, 137 N.M. 339, 110 P.3d 1076 ("We will not review unclear arguments, or guess at what his arguments might be."), and we need not proceed to a determination of whether there existed certain special circumstances that may have given rise to the duty of disclosure.

**{12}**　Plaintiff also contends that Defendant had no basis to reject a request for a payoff figure from Plaintiff's banker. In support of this argument, Plaintiff cites *Los Atrevidos v. Preferred Risk Life Insurance, Co.*, 1988-NMSC-043, 107 N.M. 217, 755 P.2d 61. *Los Atrevidos* involved Atrevidos—a successor in interest on a deed of trust

and a promissory note for the purchase of real property—selling its interest to a corporation without obtaining prior approval from Preferred Risk for the transfer, which was a breach of the terms of the deed of trust. *Id.* ¶ 2. After Preferred Risk rejected Atrevidos's tender of a check on two occasions, it cashed the check after a third tender, writing a restrictive endorsement and informing Atrevidos that it would not release the deed until Atrevidos paid additional amounts. *Id.* Our Supreme Court held "that when an offer is tendered with the condition that it is in full satisfaction of a debt, and the creditor accepts the offer, the condition controls the transaction, regardless of the creditor's attempt to alter the condition upon acceptance." *Id.* ¶ 4. *Los Atrevidos* did not, however, address the issue of whether an alleged transfer from a borrower's heirs, similar to that which Plaintiff alleges occurred in this case, entitles the transferee or the transferee's banker to a payoff figure. *Los Atrevidos* is therefore inapplicable to the case at hand, and we decline to further review this contention. *See Fernandez*, 1993-NMSC-035, ¶ 15; *see also In re Adoption of Doe*, 1984-NMSC-024, ¶ 2.

**{13}** Finally, Plaintiff briefly contends that the district court erred when it dismissed his undue influence and UPA claims, citing to a handful of cases. However, Plaintiff fails to develop his argument by explaining the nature of the district court's error, how his complaint properly states causes of action for these two claims, or the relevance of the cited cases. "We will not review unclear arguments, or guess at what a party's arguments might be." *Elane Photography, LLC v. Willock*, 2013-NMSC-040, ¶ 70, 309 P.3d 53 (alteration, internal quotation marks, and citation omitted). "To rule on an inadequately briefed issue, [the appellate court] would have to develop the arguments itself, effectively performing the parties' work for them." *Id.* "This creates a strain on judicial resources and a substantial risk of error. It is of no benefit either to the parties or to future litigants for [the appellate courts] to promulgate case law based on our own speculation rather than the parties' carefully considered arguments." *Id.*

**{14}** Having concluded Plaintiff is "not entitled to recover under any theory of the facts alleged in [his] complaint[,]" *Mendoza*, 2010-NMCA-074, ¶ 5 (internal quotation marks and citation omitted), we hold that the district court did not err in dismissing Plaintiff's complaint.

**CONCLUSION**

**{15}** For the foregoing reasons, we affirm the district court.

**{16}   IT IS SO ORDERED.**

**JULIE J. VARGAS, Judge**

**WE CONCUR:**

**BRIANA ZAMORA, Judge**

**ZACHARY A. IVES, Judge**