This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

No. A-1-CA-36598

**LARRY OLSEN,**

Plaintiff-Appellant,

v.

**BOARD OF REGENTS OF NEW
MEXICO STATE UNIVERSITY, in
its capacity as the Body Politic for
NEW MEXICO STATE UNIVERSITY;
JAY B. JORDAN, in his individual and
official capacities; RAMON DOMINGUEZ,
in his individual and official capacities;
and WADED CRUZADO SALAS, in her
individual and official capacities,**

Defendants-Appellees.

**APPEAL FROM THE DISTRICT COURT OF DOÑA ANA COUNTY
Douglas R. Driggers, District Judge**

Caren I. Friedman
Santa Fe, NM

The Pickett Law Firm
Lawrence M. Pickett
Las Cruces, NM

for Appellant

Carrillo Law Firm, P.C.
Raúl A. Carrillo, Jr.
Steven E. Jones
Las Cruces, NM

for Appellees

**MEMORANDUM OPINION**

**MEDINA, Judge.**

**{1}**     Plaintiff Larry Olsen appeals from the district court's dismissal of his complaint for breach of contract for failure to meet the applicable statutes of limitation. On appeal, Plaintiff contends (1) the applicable limitations periods were tolled by statute, (2) the applicable limitations periods were tolled by equitable considerations, and (3) equitable estoppel should have operated to bar Defendants from raising statute of limitations defenses. We conclude the applicable statutes of limitation were not tolled, Defendants' statutes of limitation defenses were not barred by equitable estoppel, and Plaintiff's complaint was not timely filed. We therefore affirm.

**BACKGROUND**

**{2}**     On October 13, 2008, New Mexico State University (the University) terminated Plaintiff's employment contract following accusations against Plaintiff by certain individuals. At the time, Plaintiff and the University were co-defendants in a federal racial discrimination lawsuit (the Federal Litigation) and the University was providing Plaintiff's defense counsel. Following termination of his employment, Plaintiff filed a third-party complaint in the Federal Litigation against University officials Jay B. Jordan, Ramon Dominguez, and Waded Cruzado Salas[1] (collectively, Individual Defendants), in their individual capacities, claiming breach of his employment contract. Plaintiff filed his third-party complaint by and through his own personal counsel. The federal court dismissed Plaintiff's third-party complaint without prejudice under Rule 14 of the Federal Rules of Civil Procedure because the claims "involve[d] a separate dispute and would more likely complicate the evidence and confuse a jury." Following dismissal of his federal third-party complaint, Plaintiff did not immediately file his breach of contract claims in any court.

**{3}**     After the Federal Litigation concluded, Plaintiff filed a complaint in state district court, alleging breach of contract against two sets of Defendants: (1) The Board of Regents of the University, "in its capacity as the body politic for New Mexico State University," and University officials Jay B. Jordan, Ramon Dominguez and Waded Cruzado Salas in their official capacities (cumulatively, the University Defendants); and (2) the Individual Defendants in their individual capacities.[2] The district court dismissed Plaintiff's complaint on statute of limitations grounds and entered its final order following denial of Plaintiff's motion for reconsideration. Plaintiff appeals.

**DISCUSSION**

---

[1] Although spelled "Wadad" in the case caption, Defendants advise the proper spelling of this Defendant's first name is "Waded."

[2] Plaintiff also brought § 1983 claims against both sets of Defendants and claimed attorney fees in connection with these claims. Following removal to federal court, Plaintiff's § 1983 claims were dismissed with prejudice. The question of whether Plaintiff's contract claims are time-barred was remanded to the state court.

**Preservation**

**{4}** We briefly address preservation because, in their answer brief, Defendants contend certain arguments made by Plaintiff prior to his response to Defendants' revised motion to dismiss were not properly preserved for appellate review. "To preserve an issue for review on appeal, it must appear that [the] appellant fairly invoked a ruling of the [district] court on the same grounds argued in the appellate court." *Benz v. Town Ctr. Land, LLC*, 2013-NMCA-111, ¶ 24, 314 P.3d 688 (internal quotation marks and citation omitted). The issues Plaintiff raises on appeal were properly preserved in his response in opposition to Defendants' revised motion to dismiss, where Plaintiff fairly invoked the district court's rulings on statutory tolling, equitable tolling, and equitable estoppel on the same grounds argued on appeal.

**Statute of Limitations**

**{5}** It is undisputed that the district court correctly determined the statutory limitations period for each of Plaintiff's claims and that, absent tolling or estoppel, the applicable periods had expired when Plaintiff filed his state court complaint. We therefore address each of Plaintiff's arguments as to whether tolling or estoppel applies.

**Statutory Tolling**

**{6}** A district court's grant of a motion to dismiss on statute of limitations grounds is a question of law that is reviewed de novo. *See Butler v. Deutsche Morgan Grenfell, Inc.*, 2006-NMCA-084, ¶ 6, 140 N.M. 111, 140 P.3d 532. A Rule 1-012(B)(6) NMRA motion tests the legal sufficiency of the complaint, not the factual allegations of the pleadings, which, for purposes of ruling on the motion, the court must accept as true. *Mendoza v. Tamaya Enters., Inc.*, 2010-NMCA-074, ¶ 5, 148 N.M. 534, 238 P.3d 903. Dismissal on Rule 1-012(B)(6) grounds is appropriate only if the plaintiff is not entitled to recover under any theory of the facts alleged in his complaint. *Id*. "We review the evidence in the light most favorable to the party resisting the motion." *Id*.

**{7}** Plaintiff argues NMSA 1978, Section 37-1-12 (1880) operates to toll the statute of limitations for his contract claims against the University Defendants. Section 37-1-12 provides as follows: "When the commencement of any action shall be stayed or prevented by injunction order or other lawful proceeding, the time such injunction order or proceeding shall continue in force shall not be counted in computing the period of limitation." Plaintiff contends the Federal Litigation was an "other lawful proceeding" that "prevented" him from filing his breach of contract claims in state court within the applicable limitations periods "by the conflict that arises from the fact that [the University] was providing him with a defense in the underlying [F]ederal [L]itigation." We conclude Plaintiff failed to adequately allege facts demonstrating the Federal Litigation "prevented" Plaintiff, within the plain meaning of that term, from timely filing his claims in state district court. As a result, we need not reach the question of whether the Federal Litigation is an "other lawful proceeding" for purposes of Section 37-1-12.

**{8}**     "Our courts have repeatedly observed that a statute's plain language is the most reliable indicator of legislative intent." *Stennis v. City of Santa Fe*, 2010-NMCA-108, ¶ 10, 149 N.M. 92, 244 P.3d 787. The plain meaning rule requires a court to give effect to the statute's language and refrain from further interpretation when the language is clear and unambiguous. *Sims v. Sims*, 1996-NMSC-078, ¶ 17, 122 N.M. 618, 930 P.2d 153.

**{9}**     The word "prevent" is not defined in the statute. "When a statute leaves a word or phrase undefined, the words should be given their ordinary meaning absent clear and express legislative intention to the contrary." *Best v. Marino*, 2017-NMCA-073, ¶ 38, 404 P.3d 450 (omission, alteration, internal quotation marks, and citation omitted). "Appellate courts often refer to dictionary definitions to ascertain the ordinary meaning of statutory language." *Id.* The word "prevent" is commonly defined as "to keep from happening or existing." *Merriam–Webster Online Dictionary, http://www.merriam-webster.com/dictionary/prevent* (last accessed Oct. 25, 2019). As such, Plaintiff was required to set forth facts demonstrating to the district court that the pendency of the Federal Litigation somehow "kept him" from timely filing his claims in state court. *See Slusser v. Vantage Builders, Inc.*, 2013-NMCA-073, ¶ 21, 306 P.3d 524 (holding that it is plaintiff's burden to allege sufficient facts in support of tolling). Plaintiff failed to meet his burden.

**{10}**    We begin with Plaintiff's complaint, which contains no facts indicating that he was kept from timely filing his claims in state court. Plaintiff also failed to set forth any such facts in his response to Defendants' revised motion to dismiss. These failures alone provide adequate grounds for dismissal under New Mexico law. *See Butler*, 2006-NMCA-084, ¶¶ 28-29 (requiring that either the complaint or the response to a motion to dismiss must contain sufficient factual support for plaintiff's statute of limitations arguments); *Romero v. U.S. Life Ins. Co. of Dallas*, 1986-NMCA-044, ¶ 10, 104 N.M. 241, 719 P.2d 819 ("There being no allegations in the complaint as to tolling and estoppel, we agree that defendant's motion to dismiss should have been granted.").

**{11}**    The only facts provided by Plaintiff below were given in testimony allowed by the district court, over the objection of defense counsel, at the hearing on Defendants' revised motion. Plaintiff testified he was prevented from timely filing his breach of contract claims in state court because defense attorneys representing Plaintiff and the University in the Federal Litigation told him "that [he] should not pursue anything [against the University] until the federal case had been completed." He also testified his personal counsel told him "we have to wait until the federal case is completed" and "[e]verybody had indicated that once this was over, that that's when I should start my proceedings." Further, Plaintiff argues because University officials instructed him not to speak to the press about the Federal Litigation and to refer media inquiries regarding the same back to the University, he was somehow prevented from filing in state court. By Plaintiff's own argument, it was not the Federal Litigation itself or any order issued as related to the same that prevented timely filing. This is an insufficient basis for tolling under Section 37-1-12. *See Butler*, 2006-NMCA-084, ¶ 18 (indicating that Section 37-1-

12 does not apply unless an "injunction or other order" precludes the filing of a separate lawsuit).

**{12}** In short, Plaintiff has not identified any order of the federal court, or indeed of any court, which barred him from timely filing his breach of contract suit in state district court. Plaintiff cites no legal authority supporting his suggestion that because the Federal Litigation remained pending and unresolved at the time his third-party complaint was dismissed, he was somehow barred from filing his claims in another court until the Federal Litigation reached a final determination. Although Plaintiff characterizes the Federal Litigation as "underlying" Plaintiff's claims in the instant case, the two matters do not appear to have any meaningful nexus. The federal court expressly found the Federal Litigation was not sufficiently related to Plaintiff's breach of contract claims for purposes of Rule 14 of the Federal Rules of Civil Procedure. And, as conceded by Plaintiff's counsel below, the Federal Litigation involved allegations of racial discrimination against Plaintiff, while Plaintiff's employment was terminated following an investigation into allegations of sexual harassment against him.

**{13}** We note that Plaintiff was represented by his personal counsel in both the Federal Litigation and the instant matter. Plaintiff's personal counsel timely filed the third-party complaint in the Federal Litigation. After the federal court dismissed that pleading without prejudice, Plaintiff and his personal counsel do not appear to have taken any steps to arrange for timely filing elsewhere. Instead, according to Plaintiff, his personal counsel told him to wait. As such, it appears Plaintiff made a decision not to pursue his breach of contract claims in state court until the Federal Litigation was complete. That Plaintiff's decision was based on the advice of his personal attorney, his defense counsel in the Federal Litigation, and counsel for the University in the Federal Litigation, does not mean the Federal Litigation in fact "prevented" Plaintiff from filing his claims in state court within the statute of limitations. We conclude Section 37-1-12 does not apply in this case and we affirm the district court on this issue.

**Equitable Tolling**

**{14}** Equitable tolling operates to suspend the statute of limitations in situations where circumstances beyond a plaintiff's control prevented the plaintiff from filing in a timely manner. *See Slusser*, 2013-NMCA-073, ¶ 7. "Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way [from timely filing]." *Id.* ¶ 16 (internal quotation marks and citation omitted). "We determine the applicability of equitable tolling on a case-by-case basis, with an eye toward cases where a litigant was prevented from filing suit because of an extraordinary event beyond his or her control." *Id.* ¶ 13 (internal quotation marks and citation omitted).

**{15}** Plaintiff contends on appeal that he "faced an extraordinary barrier to asserting his rights" because "[h]e was instructed not to pursue his claim by the powerful entity that was paying to defend him." Plaintiff contends, without supporting authority or evidence, "[i]f he did not heed the University's directive, he stood to lose legal counsel in

a protracted and expensive battle." However, Plaintiff did not produce any evidence below suggesting that he had been threatened with losing his defense counsel in the Federal Litigation, that any Defendant or agent of Defendants told him he would lose his defense in the Federal Litigation if he filed his claims against the University Defendants elsewhere, or that New Mexico law or any contractual provision contemplated stripping him of defense counsel in the Federal Litigation if he filed suit against the University. To the contrary, in his response to Defendants' revised motion, Plaintiff stated that he "in no way means to suggest that [the University] engaged in unscrupulous behavior that caused him to refrain from filing an action."

**{16}** In short, Plaintiff failed to establish the "extraordinary event beyond his or her control" required to justify the application of equitable tolling. This is not an instance where such an event kept Plaintiff unaware for a period of time of his cause of action, the facts supporting it, or its associated limitations periods. Plaintiff's federal third-party complaint was dismissed on August 9, 2009, well before the state statutes of limitations had run. However, Plaintiff testified his personal counsel told him to wait to file in state court until the federal case had concluded. Plaintiff apparently decided to follow this advice and wait. "[W]e do not use equitable principles to save a party from the circumstances [he/she] created." *Builders Contract Interiors, Inc. v. Hi-Lo Indus., Inc.*, 2006-NMCA-053, ¶ 7, 139 N.M. 508, 134 P.3d 795 (internal quotation marks and citation omitted).

**{17}** Plaintiff contends his "act of filing a third-party complaint against the [Individual Defendants] in the [Federal Litigation] demonstrated his diligence and his intent to pursue his claim." To the contrary, the fact of this filing, done with the representation of his personal counsel, demonstrates to us that (1) Plaintiff was aware of his cause of action and the facts he believed supported it at the time of filing, and (2) Plaintiff was entirely able to file suit on his claims. Plaintiff simply failed to timely file in state court after the federal court dismissed his third-party complaint. Plaintiff's diligence in pursuing his rights appears to have ended with that dismissal.

**{18}** In sum, Plaintiff's facts, when assumed to be true and viewed in the light most favorable to Plaintiff, fail to demonstrate either that an extraordinary circumstance stood in Plaintiff's way from timely filing his claims in state district court, or that he was pursuing his rights diligently when the statutes of limitation ran. We therefore conclude the district court did not abuse its discretion in declining to fashion equitable relief in this case, and we affirm the district court on this issue.

**Equitable Estoppel**

**{19}** Plaintiff alternatively argues Defendants should be equitably estopped from raising statutes of limitations defenses. "Under the theory of equitable estoppel, a party may be estopped from asserting a statute-of-limitations defense if that party's conduct has caused the plaintiff to refrain from filing an action until after the limitations period has expired." *Slusser*, 2013-NMCA-073, ¶ 22. "To prevail on a claim of equitable estoppel, a plaintiff must prove the defendant (1) concealed material facts, falsely

represented material facts, or made representations of fact different or inconsistent with later assertions in court; (2) had an intent or expectation that such conduct would be acted upon by the plaintiff; and (3) possessed either actual or constructive notice of the real facts." *Vill. of Angel Fire v. Bd. of Cty. Comm'rs of Colfax Cty.*, 2010-NMCA-038, ¶ 21, 148 N.M. 804, 242 P.3d 371 (alteration, internal quotation marks and citation omitted). The plaintiff must also demonstrate he or she "(1) lacked both the knowledge and the means of acquiring knowledge of the truth as to the facts in question; (2) relied on the defendant's conduct; and (3) acted upon that conduct in a way that prejudicially altered his position." *Id.*

**{20}** "The question of whether, on a particular set of facts, the district court is permitted to exercise its equitable powers is a question of law, while the issue of how the district court uses its equitable powers to provide an appropriate remedy is reviewed only for abuse of discretion." *Romero v. Bank of the Sw.*, 2003-NMCA-124, ¶ 28, 135 N.M. 1, 83 P.3d 288 (internal quotation marks and citation omitted). In general, courts are reluctant to apply estoppel to a government entity. *Gallegos v. Pueblo of Tesuque*, 2002-NMSC-012, ¶ 24, 132 N.M. 207, 46 P.3d 668.

**{21}** For purposes of our estoppel analysis, it appears the limitations periods applicable to Plaintiff's breach of contract claims are the "facts" Plaintiff alleges Defendants concealed from him. Plaintiff contends equitable estoppel should apply because Plaintiff's defense counsel and counsel for the University in the Federal Litigation told Plaintiff he should not pursue his claims against the University until the Federal Litigation had ended. Plaintiff argues he relied upon these representations and was prejudiced by his reliance. However, Plaintiff has not alleged facts demonstrating he lacked both the knowledge of, and the means of acquiring knowledge of, the truth as to the limitations periods applicable to his breach of contract claims. *See Vill. of Angel Fire*, 2010-NMCA-038, ¶ 21.

**{22}** To the contrary, Plaintiff was represented by personal counsel during the Federal Litigation, and his personal counsel filed the third-party complaint in that case. Plaintiff's federal third-party complaint establishes he was aware of the facts underlying his claim of breach of contract at least as early as April 14, 2009, the date of filing of that pleading. *Cf. Vill. of Angel Fire*, 2010-NMCA-038, ¶¶ 19-25 (holding that the plaintiff failed to establish the element of lack of knowledge necessary for equitable estoppel, where the plaintiff was aware of a breach of agreement within the limitations period but took no action to sue on it until after its expiration, allegedly in reliance upon certain promises made by the defendant). Plaintiff testified he was also told by his personal counsel to wait until the Federal Litigation was complete before re-filing his breach of contract claims. Regardless, even if Plaintiff was misled by statements made by his assigned defense counsel in the Federal Litigation, Plaintiff had the means of acquiring knowledge of the truth as to the applicable state court limitations periods. Accordingly, we do not believe this is a case where "right and justice demand" equitable estoppel be employed against a governmental entity. *See id.* ¶ 24. We conclude the district court did not abuse its discretion in declining to equitably estop Defendants from bringing limitations defenses, and we affirm on this issue.

**CONCLUSION**

**{23}** For the foregoing reasons, we affirm the district court's grant of Defendants' motion to dismiss for Plaintiff's failure to meet the applicable statutes of limitations.

**{24}  IT IS SO ORDERED.**

**JACQUELINE R. MEDINA, Judge**

**LINDA M. VANZI, Judge**

**JULIE J. VARGAS, Judge**